**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JORGE CARRANZA-DOMINGUEZ,

Petitioner,

v. Case No. 2:26-cv-03365 KWR-DLM

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner is a non-citizen who is detained by ICE. Although he received a bond hearing, bond was denied. He challenges his alleged arrest without a warrant and the bond denial decision. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of Mexico and is currently detained by ICE at the Otero County Processing Center. Petitioner was arrested by Border Patrol agents on or about May 5, 2026 pursuant to a warrant. Doc. 6-2 at 1 (warrant served on May 5, 2026); Doc. 1 at 2 (petitioner asserting he was arrested on May 5, 2026). The certificate of service attests that he was provided a copy of the warrant. Doc. 6-2 at 1. Petitioner was found to have entered the United States near

Tornillo, Texas, on September 3, 2004 without being inspected by an immigration officer at a designated port of entry.

On September 18, 2026, Petitioner was provided a bond hearing. The immigration judge denied bond. In his written order, he stated that Petitioner was a danger because of his criminal charges and conviction. Doc. 6-3 at 1. He also stated that Petitioner is a flight risk due to the speculative form of relief and manner of entry into the country. *Id.*

Petitioner asserts that he was arrested without a warrant and was not served with a copy of any warrant. He also asserts that he is not a danger or flight risk. Petitioner does not challenge his detention as prolonged. Petitioner also does not expressly challenge the revocation of any prior parole or bond.

## DISCUSSION

### I. <u>Petitioner was provided a copy of the warrant.</u>

Petitioner asserts that he was unlawfully arrested without a warrant and he did not receive a copy of the warrant. Doc. 1 at 6. Respondents are permitted to arrest a noncitizen pursuant to a warrant. 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Here, Respondents provided a copy of the warrant. It suggests that Petitioner was arrested pursuant to a warrant, and it attests that the warrant was served on him on May 5, 2026.[1]

Even assuming Petitioner was not provided a copy of the warrant, he fails to establish that the failure to provide him a copy of the warrant entitles him to release. He has already received a bond hearing under § 1226(a) before an immigration judge.

---

[1] The Court notes that Petitioner does not assert that the warrant was served on him untimely. He asserts he never received a copy of the warrant.

Moreover, Petitioner has not adequately developed a claim for the revocation of any prior bond. He appears to assert that he is not a danger because he was previously released on bond. Doc. 1 at 6. The Court notes that Petitioner does not appear to challenge the revocation of any prior bond. Petitioner has not argued or demonstrated that his due process rights were violated based on the manner of the revocation of any prior bond. The record does not reflect whether he was previously released on bond, under what authority he was released or paroled (§§ 1182 or 1226), or whether the prior bond was revoked. Therefore, this claim is not adequately developed and the Court declines to *sua sponte* assert such a claim on his behalf.

Alternatively, Petitioner was arrested pursuant to a warrant and given a bond hearing, at which an immigration judge decided he was both a danger and flight risk. He fails to explain how his procedural due process rights were violated. *See, e.g., Paposhvili v. Mullin*, No. 2:26-CV-00961-KWR-GJF, 2026 WL 1816176, at *3 (D.N.M. June 24, 2026).

## II. Petitioner's challenge to the immigration judge's bond decision fails.

Petitioner asserts that he is not a flight risk or danger to the community. To the extent he challenges the immigration judge's bond decision, that challenge fails.

Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

"This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is both a flight risk and danger. Petitioner appears to challenge that decision, asserting that he is not a flight risk or danger. But he fails to identify any defect in his hearing or the decision. The Court lacks authority to review the immigration judge's discretionary determination.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Here, Petitioner does not allege that there was a due process violation or constitutional violation at his bond hearing or in his bond decision.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED.**

______________/S/___________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE